BARBARA HOPE THEATRES, INC., Respondent, v. S. KAPLAN & CO., INC., Appellant.

First Department, February 3, 1928.

Landlord and tenant — lease — construction of lease of building to be used as theatre — action by tenant for injunction and damages — evidence.

The plaintiff leased certain property from the defendant for theatre purposes, with the privilege of showing moving pictures, provided the plaintiff would at its own cost comply with any additional requirements of the municipal authorities, and plaintiff, in consideration of $7,000 free rent, agreed to conform to the requirements of the fire department as a condition to the issuance of a license, and agreed to make necessary structural changes. The fire department required an asbestos curtain and a skylight above the stage. The lease also included space above the stage on the second floor. By a letter written at the time the lease was executed plaintiff agreed to erect a partition on the second floor separating its space from the rest of the space on that floor.

In the action by the tenant for an injunction and damages the issue involved was whether plaintiff had the right to the use of the elevator for access to the space above the stage. The defendant contended that by the terms of the letter and the physical fact that a skylight must be erected as well as an asbestos curtain, it was not the intention to use the second floor for offices, while the plaintiff contended that it was physically impossible to erect a skylight to comply with the legal requirements.

It was the duty of the court in view of the conflicting contentions to determine whether or not the right of access was fairly to be implied. It was error, therefore, to reject testimony tending to show whether or not a skylight could be built and the nature thereof that would be acceptable to the fire department, for such evidence bore on the intent of the parties.

It was error to dismiss the defendant's counterclaim for specific performance of the agreement to make the fire department alterations and judgment for the cost of constructing the partition on the second floor, for the plaintiff's covenants in reference thereto were absolute.

If on a new trial it develops that the plaintiff does not intend to use the building as a theatre or that it is impossible to comply with the fire department requirements, the court may in its discretion withhold equitable relief upon condition that the plaintiff pay the $7,000 rent which was abated in consideration that the plaintiff make the alterations.

Plaintiff has an absolute legal right under the lease to install any kind of an organ, but it has no right to make structural changes in so doing without the consent of the defendant. Plaintiff is not entitled to compel defendant to pay cost of erecting a partition at the entrance to the box office. The finding of the trial court as to the number of dressing rooms contemplated by the lease is against the weight of evidence.

DOWLING, P. J., dissents.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 6th day of July, 1927.

*Herbert R. Limburg* of counsel [*Harry F. Mela* and *Lionel S. Popkin* with him on the brief; *Hirsch, Sherman & Limburg,* attorneys], for the appellant.

*Herman Shulman* of counsel [*Jacob J. Podell* and *Benjamin Algase* with him on the brief; *Hays, Podell & Shulman,* attorneys], for the respondent.

PROSKAUER, J.    Plaintiff leased from defendant certain premises for use as a theatre, with the option of showing high-class moving pictures, provided that plaintiff " shall at its own cost and expense comply with any additional requirements of law or public authority." In consideration of $7,000 free rent, plaintiff agreed to " at its own cost and expense conform to the requirements heretofore laid down by  *  *  *  the Fire Department  *  *  *  as a condition for recommending the issuance of a theatrical license for the demised premises, including any structural changes necessary to comply with said requirements." Two of the conditions theretofore laid down by the fire department were to provide an asbestos curtain and skylights, which would open automatically, placed above the stage to the extent of one-eighth of its area. The lease included, in addition to the auditorium, " dressing rooms, theatre office on mezzanine floor, box office  *  *  *  with window facing upon main entrance hall, space  *  *  *  at southwesterly corner of second floor, being the space above the entire stage." By a letter, executed simultaneously with the lease, plaintiff agreed " in consideration of the lease  *  *  *  to construct the partition on the second floor, separating the space which we rent from the rest of the second floor space  *  *  *  within sixty days."

Electing to show high-class moving pictures, plaintiff did not make the changes required by the fire department, and claimed a right of access from the elevators to the space on the second floor above the stage. Defendant took the position that this space had been included in the lease solely to enable plaintiff to comply with the requirements of the fire department as to the asbestos curtain and the skylights, that neither party had contemplated the use of this space for offices, and that, therefore, no right of access thereto from the elevators could fairly be read into the terms of the lease. Disputes soon followed over the right of access to the box office, the number and location of the dressing rooms, the construction of an organ and electric signs. To defendant's summary proceeding in the Municipal Court plaintiff countered with this action for an injunction and damages.

The main issue litigated on the trial was whether or not plaintiff had an implied right of access from the elevators to the space

above the stage. To negative such an implication, the defendant relied upon plaintiff's letter agreeing to " construct the partition * * * separating the space which we rent from the rest of the second floor space," and the obligation of the lease requiring plaintiff to provide an asbestos curtain and skylights above the stage. Defendant contended that an asbestos curtain could work only on a vertical plane and that the installation of such a curtain necessarily negatived the possibility of an entrance from the rest of the second floor space. Defendant also maintained that the requirement of a skylight over the stage made it impossible to use this space for offices. Plaintiff denied both these contentions and undertook to show that it was physically impossible to construct a skylight in this space which would comply with the requirements of the fire department. Faced with this conflict, it was the duty of the trial court to determine the real state of facts and in their light to decide whether or not a right of access was fairly to be implied. The court at first proceeded upon this theory. Plaintiff's president was allowed to testify that the fire department had told him that there was no way of constructing a skylight to comply with the requirements of the department since a skylight must go straight up to the sky and that a skylight with lateral openings would not do. The court intimated that it did not " know what a skylight is yet," but added that it would listen to defendant's testimony. Thereafter plaintiff called Captain McCarthy of the fire department. The court asked, over defendant's objection: " Do you mean to say, Captain, that if I put * * * on top of this court room a skylight, and there are several floors above, solid floors above it, that it would be a skylight, under the construction of your department? " When the witness answered: " The inference of the word itself ' skylight ' would imply that it must be open to the sky," defendant's counsel sought to cross-examine him: " Q. Suppose that the entire space above this glass or skylight in the ceiling above the stage — the entire walls around it were fireproof, and the space in the real wall were so constructed that in the event of fire the flame and smoke could escape, wouldn't that be a substantial compliance with your requirement? Mr. Hayes: I object to that as to form. The Court: Sustained. Mr. Popkin: As to form? The Court: As to anything. A skylight is a skylight." Later, at the court's insistence, defendant's counsel made an offer of proof of a number of circumstances from which it could be inferred that the second floor space would be substantially demolished by the construction of an asbestos curtain and a skylight. The exclusion of this evidence, clearly relevant on the question of the intent of the parties with respect to the user of

First Department, February, 1928.　　　　　[Vol. 223

the second floor space and the resultant implication as to right of access, was error.

The court further was in error in dismissing defendant's counterclaim for specific performance of the agreement to make the fire department alterations and also for the cost of constructing the partition on the second floor. Plaintiff's covenants to make these changes were absolute. If, however, it appears on a new trial that the plaintiff does not intend to use the premises as a theatre, or if the facts developed on a new trial justify the conclusion that it is impossible to comply with the requirements of the fire department, we think the court would be justified in denying equitable relief in the exercise of discretion on condition that plaintiff pay defendant the $7,000 rent, which plaintiff received free under the lease in consideration of making these structural alterations.

Other matters in dispute do not require extended comment. Plaintiff has an absolute legal right under the lease to install any organ upon the leased premises which it desires, but has no right, in order to install an organ, to make any structural changes by the construction or alteration of walls without the consent of the defendant. Similarly, plaintiff is entitled to have access to its box office and was justified in constructing a partition separating the entrance to its box office from the bookstore proper, but it is not entitled to compel defendant to pay the cost of erecting the partition. On the question of the number of dressing rooms contemplated by the lease, we think the finding of the trial court against the weight of evidence.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

MERRELL, FINCH and O'MALLEY, JJ., concur; DOWLING, P. J., dissents.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice specifying the facts which are reversed.